1
2
3
4
5
6
7                      UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   THOMAS EDWARD PERRY,                    No.  2:21-cv-1719 DB P

11                      Plaintiff,

12        v.                                 ORDER

13   RICK HILL, et al.,

14                      Defendants.

15

16        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

17   U.S.C. § 1983.  Before the court is the complaint for screening (ECF No. 1) and plaintiff's motion

18   to proceed in forma pauperis (ECF No. 2).  For the reasons stated below, plaintiff's motion to

19   proceed in forma pauperis will be denied.  The court will also dismiss the complaint with leave to

20   amend.

21                              **IN FORMA PAUPERIS**

22        Plaintiff filed a motion to proceed in forma pauperis.  (ECF No. 2.)  However, plaintiff's

23   application has not been filled out as plaintiff has only written "Not Applicable" at the top of the

24   form.  (Id. at 1.)  As such, plaintiff has not filed a properly completed and signed in forma

25   pauperis affidavit or paid the required filing fee of $350.00 plus the $52.00 administrative fee.[1]

26   _____

27   [1]  If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee
     but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not
28   required to pay the $52.00 administrative fee.

                                      1

See 28 U.S.C. §§ 1914(a), 1915(a).  Plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the required fees totaling $402.00.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

2

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.    Allegations in the Complaint

Plaintiff's complaint names Rick Hill, correctional officer Wilson, correctional officer Brinkerhoff, and correctional officer Oseguera as defendants in this action.  (ECF No. 1 at 1.) Plaintiff does not identify the institution where the alleged violation of his rights occurred.  (Id.) It appears that plaintiff wishes to bring two claims.

The first claim does not identify which of constitutional rights plaintiff believes were violated.  (Id. at 3.)  The only information in the complaint as to this first claim is a single sentence stating the claim is for "falsifying documents and violating the rules and regulations set by the department of corrections."  (Id.)  The complaint also states that there is "additional

3

1    supporting information" for this claim included but this appears to only be in reference to

2    attached exhibits.  (Id.)

3          The second claim is stated to be a claim for violation of plaintiff's Eighth Amendment

4    rights.  (Id. at 4.)  However, there are no additional details or facts stated.  (Id.)  Instead the

5    complaint simply says "see additional information" but again only appears to be referencing

6    attached exhibits.  (Id.)

7          Plaintiff's requested relief is the return of his personal property and the reprimand of "any

8    and all officials included in this report."  (Id. at 6.)

9    **III.     Does Plaintiff State a Claim under § 1983?**

10          Plaintiff has not identified the claims he wishes to bring.  In plaintiff's first claim he does

11   not identify the constitutional violation he is alleging and in the second claim he only vaguely

12   states that his Eighth Amendment rights were violated.  (Id. at 3-4.)  Additionally, plaintiff does

13   not allege any facts in support of either claim.  (Id.)  It appears that plaintiff intends for the

14   attached exhibits, which mainly contain prison grievance documents, to take the place of the

15   factual allegations that must be included in a complaint.

16          The court is not required to review exhibits to determine the factual allegations made by

17   the plaintiff.  The claims and supporting allegations plaintiff seeks to bring must be set forth in

18   the amended complaint so that defendants have fair notice of them.  See Fed. R. Civ. P. 8(a).

19   Plaintiff's complaint does not clearly specify the constitutional rights he claims were violated and

20   does not allege facts in support of these claims.  (ECF No. 1 at 3-4.)  Accordingly, plaintiff's

21   complaint will be dismissed for failure to state a cognizable claim.  Plaintiff will be given leave to

22   file an amended complaint.

23                                    **AMENDING THE COMPLAINT**

24          This court finds above that plaintiff's complaint fails to state a cognizable claim.

25   Plaintiff's complaint will be dismissed with leave to file an amended complaint stating claims

26   against any defendants identified in the complaint or any other defendant.

27   ////

28   ////

4

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be

1    set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

2    ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

3    litigation on the merits of a claim."); Fed. R. Civ. P. 8.

4          An amended complaint must be complete in itself, without reference to any prior pleading.

5    E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

6    By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

7    evidentiary support for his allegations, and for violation of this rule, the court may impose

8    sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

9                                **CONCLUSION**

10         In accordance with the above, IT IS HEREBY ORDERED that:

11      1.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

12      2.  Plaintiff is granted thirty days from the date of service of this order to file an amended

13          complaint.  The amended complaint must bear the docket number assigned to this case

14          and must be labeled "First Amended Complaint."

15      3.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is denied.

16      4.  Plaintiff shall submit, within thirty days from the date of this order, an affidavit in

17          support of his request to proceed in forma pauperis on the form provided by the Clerk

18          of Court, or the required fees in the amount of $402.00; plaintiff's failure to comply

19          with this order will result in a recommendation that this action be dismissed.

20      5.  The Clerk of the Court is directed to send plaintiff a new Application to Proceed In

21          Forma Pauperis By a Prisoner.

22      6.  Plaintiff is warned that his failure to comply with this order will result in a

23          recommendation that this action be dismissed.

24   Dated: October 1, 2021

25

26                                                        _____

27                                                        DEBORAH BARNES
                                                          UNITED STATES MAGISTRATE JUDGE
28   DB:14
     DB/DB Prisoner Inbox/Civil Rights/R/perr1719.scrn+3a(CDCR)

                                        6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28